

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| THALLE CONSTRUCTION CO., INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:06-1659-HFF |
| | § | |
| SPARTANBURG WATER SYSTEM and | § | |
| BLACK AND VEATCH CORPORATION, | **§** | |
| Defendants. | § | |

## ORDER

### I.   INTRODUCTION

This is a breach of contract case. The Court possesses jurisdiction by virtue of 28 U.S.C. § 1332. Pending before the Court are (1) Defendant Spartanburg Water System's (SWS) motion to dismiss or, in the alternative, to stay and (2) Defendant Black and Veatch Corporation's (Black and Veatch) motion to dismiss or, in the alternative, to stay.

### II.   DISCUSSION

####    A.   SWS's Motion

#####        1.   Eleventh Amendment Immunity

SWS argues that Thalle's complaint against SWS should be dismissed for lack of subject matter jurisdiction because SWS is entitled to Eleventh Amendment immunity. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment immunity protects the States, but not "mere political subdivisions of a State such as counties and municipalities." *Kitchen v. Upshaw*, 286 F.3d 179, 184 (4th Cir. 2002).

To determine whether a governmental entity is an "arm of the state" for Eleventh Amendment purposes, courts consider four factors: (1) whether the State Treasury would be implicated by any judgment; (2) the degree of autonomy exercised by the entity; (3) whether the entity has statewide rather than just local concerns; and (4) how the entity is treated under state law. *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457-58 (4th Cir. 1987).

The first factor, whether the State Treasury would be implicated by any judgment, weighs against a finding that SWS is an arm of the state. As SWS concedes, SWS does not receive state funding. Thus, the Court concludes that the State Treasury would not be implicated by a judgment in this case.

The second factor, the degree of autonomy exercised by the entity, also weighs against a finding that SWS is an arm of the state. To determine the degree of autonomy exercised by an entity, courts analyze three factors: (1) whether the state retains a veto over the entity's actions; (2) the origins of the entity's funding; and (3) who appoints the entity's directors. First, there is no evidence that the state retains a veto over SWS's actions. The enabling statute, S.C. Code Ann. § 5-31-210, does not provide for extensive governmental oversight at the state level or retain a state veto over SWS's actions. Second, SWS concedes that it receives no state funding. Third, SWS is governed by the Commissioners of Public Works of the City of Spartanburg. The Commissioners are citizens of the city who are elected at a general election for municipal officers; they are not appointed by state

officials. S.C. Code Ann. § 5-31-210. Any control over SWS is by the city, but not by the State. Accordingly, the Court finds that SWS exercises a high degree of autonomy over its operations.

The third factor, whether the entity has statewide rather than just local concerns, also weighs against a finding that SWS is an arm of the state. SWS concedes that the scope of its activities appear more local than statewide. Thus, the Court concludes that SWS has local rather than statewide concerns.

The fourth factor, how the entity is treated under state law, also weighs against a finding that SWS is an arm of the state. This inquiry "overlaps with [the] analysis of State control versus local autonomy." *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 226 (4th Cir. 2001). It appears that South Carolina state law treats SWS as an entity to be controlled at the local rather than state level. S.C. Code Ann. § 5-31-40. SWS argues that state laws "greatly affect SWS," stating that the legislature created SWS and has control over the governance structure of SWS. However, beyond that, the state laws do not affect SWS. Instead, it is an entity controlled at the local level. Accordingly, the Court finds that the state law does not greatly affect SWS.

SWS argues that this *Smith v. School District of Greenville County*, 324 F. Supp. 2d 786 (D.S.C. 2004), greatly diminishes the first and third prongs of the consideration. However, the *Ram Ditta* analysis requires consideration of each of the four factors. In *Smith*, the Court found the second and fourth considerations to be so overwhelming that the fact that the others weighed against finding sovereign immunity did not preclude the court from finding that the school district was entitled to sovereign immunity. Here, as discussed above, the Court finds that each factor weighs against a finding that SWS is an arm of the state.

The Court concludes that upon consideration of each of the four factors identified for determining whether a governmental entity is an arm of the state for Eleventh Amendment purposes, SWS appears to be more of a political subdivision than an arm of the state. Accordingly, SWS is not entitled to Eleventh Amendment immunity and its motion to dismiss on this ground will be denied.

### 2. Additional Grounds

SWS also argues that Thalle's complaint against SWS should be dismissed for lack of subject matter jurisdiction because Thalle's claims should have been filed as compulsory counterclaims in the state action and because there is no diversity jurisdiction. Alternatively, SWS argues that the Court should stay this action. Having carefully considered the motions, the responses, the replies, the record, and the relevant law, the Court concludes that SWS's motion should be denied on these grounds as well.

### B. Black and Veatch's Motion

Black and Veatch argues that Thalle's complaint against Black and Veatch should be dismissed because Thalle's claims are precluded by Thalle's waiver in the written agreement. Alternatively, Black and Veatch argues that the Court should stay this action. Having carefully considered the motions, the responses, the replies, the record, and the relevant law, the Court concludes that Black and Veatch's motion should be denied.

**III.    CONCLUSION**

Based on the foregoing, the Court (1) **DENIES** SWS's motion to dismiss or, in the alternative, to stay and (2) **DENIES** Black and Veatch's motion to dismiss or, in the alternative, to stay.

**IT IS SO ORDERED.**

Signed this 30th day of March, 2007, in Spartanburg, South Carolina.

> s/Henry F. Floyd
> HENRY F. FLOYD
> UNITED STATES DISTRICT JUDGE